Sheehan & Associates, P.C.
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Telephone: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*

United States District Court
Southern District of New York                                    7:20-cv-03267

| | |
|---|---|
| Nicholas Mangone, Jodi Spear, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| - against - | Class Action Complaint |
| Big Geyser Inc., | |
| Defendant | |

Plaintiffs by attorneys allege upon information and belief, except for allegations pertaining to plaintiffs, which are based on personal knowledge:

1.      Big Geyser Inc. ("defendant") manufactures, distributes, markets, labels and sells carbonated water purporting to be flavored with fruit juice ingredients, under the Hal's New York brand ("Products").

2.      The Products are available to consumers from retail and online stores of third-parties and are sold in bottles of 20 OZ.

3.      The relevant representations include "Hal's New York," "Seltzer Water," "Naturally Refreshing," the variety – lemon, lime, etc. and a picture of the purported characterizing ingredient, i.e., a wedge of lemon or lime.



4.     There is a history of producing carbonated water and seltzer water beverages flavored with small amounts of fruit juices for taste, which causes reasonable consumers to expect the Products contain the characterizing food ingredients – juice from the designated fruit. See 21 C.F.R. § 101.22(i)(1)(i) ("If the food is one that is commonly expected to contain a characterizing food ingredient, e.g., strawberries in 'strawberry shortcake'").

5.     Consumers prefer such products because it means the flavor comes from juice, as opposed to a highly concentrated flavor which imparts the taste of the particular juice.

6.     The Products' labeling makes direct representations with respect to their primary recognizable flavors, by word (lemon, lime), vignette (lemon and lime wedges) and the statement "Naturally Refreshing," such that lemon and lime are considered the characterizing flavors and the Products will be expected to contain small amounts of lemon and lime juice. *See* 21 C.F.R. § 101.22(i).

7.     The "Naturally Refreshing" statement gives the impression the Products are flavored with a small amount of juice because juice is more "natural" than a flavor.

8.     This is because juice refers to a natural product – the aqueous liquid expressed from a fruit or vegetable.

9.     A flavor – even a "natural flavor" – is a highly concentrated form of the compounds which impart taste, created in a laboratory by chemists and scientists.

10.     However, the Products do not contain such characterizing fruit juice ingredients but rather contains "natural flavor derived from such ingredient" as shown on their ingredient lists.

Ingredient List (Lemon)



INGREDIENTS:
Filtered Carbonated Water and Natural Flavors.

11.     Contrary to the front label which lacks the term "flavor" or "flavored," signaling to consumers the presence of lemon juice, the ingredient list does not identify the characterizing food ingredient of lemon juice.

12.     Presuming the "Natural Flavors" are derived from lemons, the Product's front label

is required to disclose the added flavor, i.e., "Natural Lemon Flavored Seltzer Water" or "Lemon Flavored Seltzer." *See* 21 C.F.R. § 101.22(i)(1)(i) (describing the front label requirement where a "food contains no such [characterizing food] ingredient, the name of the characterizing flavor may be immediately preceded by the word "natural" and shall be immediately followed by the word "flavored" in letters not less than one-half the height of the letters in the name of the characterizing flavor, e.g., "natural strawberry flavored shortcake," or "strawberry flavored shortcake".

13.    When a beverage purports to contain a fruit or vegetable juice but its front label does not use a form of the word "flavor" or otherwise indicate that it does not contain juice, consumers get the impression that its flavor is derived from juice, notwithstanding the presence of the percent juice declaration above the Nutrition Facts.

14.    The Products are misleading because they are labeled differently from other products of identical composition.

Competitor Product                              Product

            

**INGREDIENTS:** Carbonated Water,          **INGREDIENTS:** Filtered Carbonated Water
Natural Flavor.                             and Natural Flavors.

15.    The competitor product contains the same ingredients as defendant's, yet its front

label identifies it as "Lemon Flavored Seltzer."

16.    Products are required to be identified and labeled in a way consistent with other

products of similar composition. *See* 21 C.F.R. § 102.5(a) ("General principles.") ("The name shall

be uniform among all identical or similar products and may not be confusingly similar to the name

of any other food that is not reasonably encompassed within the same name. Each class or subclass of food shall be given its own common or usual name that states, in clear terms, what it is in a way that distinguishes it from different foods.").

17.     This framework assures consumers will not be misled by the quality and components of similarly labeled products where one product contains a greater amount, type and/or proportion of a characterizing and valuable ingredient.

18.     Where two products have an identical composition based on their ingredients yet have different common or usual names, consumers will be deceived into purchasing the product which fails to truthfully and accurately designate its contents through the front label, *in addition to* the ingredient list.

19.     The competitor product and defendant's Product are sold in close proximity to each other on store shelves, but the absence of the term "flavor" or "flavored" from defendant's Product causes consumers to expect it is of higher quality than competitors, which is false.

20.     The Products are misleading because they lack an accurate common or usual name which would unambiguously inform consumers they do not contain any of the named fruits in juice form, and that the depiction of such fruits merely represent the addition of flavoring substances which impart the taste of such fruits. *See* 21 C.F.R. § 102.5(a).

21.     Defendant's branding and packaging of the Products is designed to – and does – deceive, mislead, and defraud plaintiff and consumers.

22.     Defendant sold more of the Products and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiffs.

23.     The value of the Products that plaintiffs purchased and consumed was materially less

than their value as represented by defendant.

24.    Had plaintiffs and class members known the truth, they would not have bought the Products or would have paid less for them.

25.    As a result of the false and misleading labeling, the Products are sold at a premium price, approximately no less than $1.99 for bottles of 20 OZ, excluding tax, compared to other similar products represented in a non-misleading way.

Jurisdiction and Venue

26.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

27.    Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

28.    Plaintiff Nicholas Mangone is a citizen of New Jersey.

29.    Defendant Big Geyser Inc. is a Delaware corporation with a principal place of business in Maspeth, Queens County, New York and is a citizen of Delaware and New York.

30.    Venue is proper because plaintiff Jodi Spear purchased the Product, became aware of the events or omissions giving rise to the claims and resides in this district. *See* 28 U.S.C. § 1391(b)(2).

31.    Venue is supported because many class members reside in this District.

32.    This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

## Parties

33.     Plaintiff Nicholas Mangone is a citizen of Clifton, Passaic County, New Jersey.

34.     Plaintiff Jodi Spear is a citizen of Yonkers, Westchester County, New York.

35.     Defendant Big Geyser Inc. is a Delaware corporation with a principal place of business in Maspeth, New York, Queens County.

36.     During the relevant statutes of limitations, plaintiffs purchased the Products within their district and/or State for personal consumption and/or use in reliance on the representations the Products' characterizing flavor came from fruit juice corresponding to the identified fruits on the front labels.

37.     Plaintiffs bought the Products because they liked the product type for its intended use and expected their flavor to come from real fruit juice because they relied on the front label vignette, the designation of the flavor (i.e., "Lemon"), the absence of the terms "flavor" or "flavored" and "Naturally Refreshing," implying the presence of real juice, a more "natural" ingredient than any type of flavor.

38.     Plaintiffs would buy the Products again if assured they either contained fruit juice from the depicted fruit or were able to fairly compare the Products against competitors and thereby choose based on factors including price.

## Class Allegations

39.     The class will consist of all purchasers of the Products who reside in New York and New Jersey during the applicable statutes of limitations.

40.     Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiffs and class members are entitled to damages.

41.     Plaintiffs' claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

42.     Plaintiffs are adequate representatives because their interests do not conflict with other members.

43.     No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

44.     Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

45.     Plaintiffs' counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

46.     Plaintiffs seek class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL"), §§ 349 & 350
(Consumer Protection Statutes)

47.     Plaintiffs incorporate by reference all preceding paragraphs.

48.     Plaintiffs and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

49.     Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

50.     Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Products.

51.     The amount and proportion of the characterizing component, juice from the depicted fruit, has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

52.    Plaintiffs relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

53.    Plaintiffs and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

<u>Negligent Misrepresentation</u>

54.    Plaintiffs incorporate by reference all preceding paragraphs.

55.    Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Products.

56.    The amount and proportion of the characterizing component, juice from the depicted fruit, has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

57.    Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

58.    This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

59.    The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

60.    Plaintiffs and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

61.    Plaintiffs and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty, Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

62. Plaintiffs incorporate by reference all preceding paragraphs.

63. The Products were manufactured, labeled and sold by defendant and warranted to plaintiffs and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not.

64. The amount and proportion of the characterizing component, juice from the depicted fruit, has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

65. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Products.

66. This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

67. Plaintiffs provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

68. Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Products, of the type described here.

69. The Products did not conform to their affirmations of fact and promises due to defendant's actions and were not merchantable.

70. Plaintiffs and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

Fraud

71.    Plaintiffs incorporate by reference all preceding paragraphs.

72.    The amount and proportion of the characterizing component, juice from the depicted fruit, has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

73.    Defendant's fraudulent intent is evinced by its failure to accurately identify the Products on the front labels, when it knew its statements were neither true nor accurate and could mislead consumers.

74.    Plaintiffs and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

Unjust Enrichment

75.    Plaintiffs incorporate by reference all preceding paragraphs.

76.    Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiffs and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiffs demand a jury trial on all issues.

   **WHEREFORE**, Plaintiffs pray for judgment:

1.  Declaring this a proper class action, certifying plaintiffs as representatives and the undersigned as counsel for the class;

2.  Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3.  Injunctive relief to remove, correct and/or refrain from the challenged practices and

representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4.   Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5.   Awarding costs and expenses, including reasonable fees for plaintiffs' attorneys and experts; and

6.   Other and further relief as the Court deems just and proper.

Dated:   April 26, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

7:20-cv-03267
United States District Court
Southern District of New York

Nicholas Mangone, Jodi Spear, individually and on behalf of all others similarly situated,

Plaintiffs,

- against -

Big Geyser Inc.,

Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
   Tel: (516) 303-0552
   Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  April 26, 2020

/s/ Spencer Sheehan
Spencer Sheehan