| | |
|---|---|
| Sheehan & Associates, P.C. | 505 Northern Blvd Ste 311, Great Neck NY 11021-5101 |
| spencer@spencersheehan.com | tel. 516.303.0552    fax 516.234.7800 |

July 16, 2020

District Judge Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

        Re:   7:20-cv-03267-CS
                Mangone, Spear et al. v. Big Geyser, Inc.

Dear District Judge Seibel:

      This office represents the plaintiffs. In accordance with your Honor's Individual Practices, plaintiffs request substitution of Hal's Beverage LLC for defendant Big Geyser, Inc., and an extension of the time to prove service or file a waiver of service until August 26, 2020. *See* Fed. R. Civ. P. 20(a)(2)(A)-(B) (defendant may be joined if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action."); Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

      Since the federal rules do not explicitly refer to substitution of parties but for their addition and removal, Rules 20 and 21 are controlling. The standard for adding a party is similar to allowing amendment. *See FTD Corp. v. Banker's Trust Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997) ("[A]lthough Rule 21, and not Rule 15(a), normally governs the addition of new parties to an action, 'the same standard of liberality' applies under either Rule"); *Omar v. 1 Front Street Grimaldi, Inc.*, 16-cv-05824 (E.D.N.Y. May 8, 2018) ("there 'is in practical terms little difference between [Rule 21]' and Rule 15"); *Sullivan v. West New York Residential, Inc.*, 2003 WL 21056888, at *1 (E.D.N.Y. Mar. 5, 2003) ("Rule 21 allows the court broad discretion to permit the addition of a party at any stage in the litigation").

      The original date by which service is required to be proved to the Court is Monday, July 27, 2020. Fed. R. Civ. P. 4(m) (allowing 90 days for defendant to be served); Fed. R. Civ. P. 6(a)(1)(A)-(B) (excluding the date triggering the period and counting intermediate weekends).

      This action was filed on Sunday, April 26, 2020 and "a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form" was sent to defendant's registered agent as indicated on the summons shortly thereafter. The information about the parties was brought to my attention following mailing a waiver of service by an attorney for Hal's, who is also the attorney for Big Geyser. I requested the attorney execute a waiver on behalf of "Hal's Beverage LLC incorrectly sued herein as (i/s/h/a) Big Geyser, Inc." along with a stipulation substituting Hal's and dismissing Big Geyser. The attorney did not respond to this request.

      I asked defendant's attorney if they wanted to proceed this way again last week and received no response. To preserve all rights and comply with the federal rules, service of process will be made upon the registered agent of Big Geyser. However, plaintiff expects that an attorney for Hal's and Big Geyser will request the same relief from the Court I have offered regarding the parties.

     Plaintiffs request (1) addition of Hal's Beverage LLC as defendant, (2) dismissal without prejudice of defendant Big Geyser, Inc., (3) issuance of a summons by the Clerk of Court in the name of Hal's Beverage LLC, (4) amendment of caption to reflect this substitution and (5) an extension of thirty days to August 26, 2020 for plaintiffs to file proof of service in the form of a signed waiver of service for Hal's Beverage LLC, a returned summon or an affidavit/affirmation of service by a process server. Thank you.

                                                                Respectfully submitted,

                                                                /s/Spencer Sheehan
                                                               Spencer Sheehan

**Certificate of Service**

I certify that on July 16, 2020, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☐ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan